UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Robert S. Dowd, Jr.  (rsd@rsdowdlaw.com) (026841984)
Sean M. Lipsky (sml@lipskyportales.com) (048731998)
**LAW OFFICES OF ROBERT S. DOWD, JR., LLC**
100 Challenger Road, Suite 100
Ridgefield Park, NJ 07660
(201) 489-3900
Fax: (201) 489-4700
Attorneys for Defendant,
All Granite & Marble Corp.

| | |
|---|---|
| TADEOSZ WIERZBICKI, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| ALL GRANITE & MARBLE CORP. and JOHN DOES 1-10 and ABC ENTITIES 1-10, | |
| Defendant, | |

TO: Clerk,
 United States District Court
 District of New Jersey
 Martin Luther King, Jr.
 Federal Building and U.S. Court House
 50 Walnut Street,
 Newark, New Jersey 07102

**PLEASE TAKE NOTICE** that defendant All Granite & Marble Corp. ("All Granite"), by and through its attorneys, the Law Offices of Robert S. Dowd, Jr., LLC, hereby removes this civil action and all claims and causes of action therein, from the Superior Court of New Jersey to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1331, on the following grounds:

1. All Granite was named as a defendant in the action entitled <u>Tadeosz Wierzbicki v. All Granite & Marble Corp. and John Does 1-10 and ABC Entities 10</u>, pending in the Superior Court of New Jersey, Law Division, Bergen County, bearing Docket No. BER-L-1684-19. The Complaint was filed on or about March 5, 2019.

2. All Granite was served with a copy of the Summons and Complaint on May 29, 2019. Copies of all documents served on All Granite, including the Summons and Complaint, are annexed hereto as **Exhibit "A."**

3. The Complaint purports to assert two causes of action: (a) Violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") for Failure to Pay (Count I); and (b) Violation of the FLSA for Retaliation (Count II).

4. Federal question subject matter jurisdiction exists in this matter pursuant to 29 U.S.C. §1331 and 1441(a), and the action is subject to removal, pursuant to the United States Supreme Court's decision of <u>Breuer v. Jim's Concrete of Brevard, Inc.</u>, 538 U.S. 691 (2003). That is, removal is based on a claim "arising under" federal law.

5. Plaintiff also makes an oblique reference in the Second Count of the Complaint to "New Jersey's Wage and Hour Law." To the extent such reference could be construed as a claim, such claim is subject to the supplemental jurisdiction of the federal courts pursuant to 28 U.S.C. §1367 as it arises from the same case and controversy as the claims brought under the FLSA.

6. This Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b). The only named defendant to this action is All Granite.

7. In filing this Notice of Removal of Civil Action, and all steps incident thereto, All Granite reserves its right to raise and rely upon all defenses to which it may be entitled, including

but not limited to, defects in jurisdiction, venue, sufficiency of process and sufficiency of service of process, and any and all other defenses which it might have regarding procedural and substantive issues.

                                             **LAW OFFICES OF ROBERT S. DOWD, JR., LLC**
                                             Attorneys for Defendant,
                                             All Granite & Marble Corp.

                                             By:   _/s/ Robert S. Dowd, Jr._____
                                                       Robert S. Dowd, Jr., Esq.

DATED:  June 27, 2019

## **CERTIFICATION OF SERVICE**

I hereby certify that on this date a true copy of the within Notice of Removal was served on counsel of record by service electronically on the New Jersey Superior Court electronic website (https://njcourts.gov/attorneys/ecourts.html) and overnight delivery to the following:

Stephen M. Sammarro, Esq.
Sammarro & Zalarick, PA
258 Palisade Avenue
Garfield, New Jersey 07026

I also hereby certify that on this date a true copy of the within Notice of Removal was filed electronically on the New Jersey Superior Court electronic website (https://njcourts.gov/attorneys/ecourts.html) on the following:

Clerk – Civil Division
Superior Court of New Jersey
Bergen County Justice Center
10 Main Street
Hackensack, NJ 07601

Michelle M. Smith, Clerk of the Court
R.J. Hughes Justice Complex
Superior Court Clerk's Office
25 W. Market St.
Sixth Floor North Wing
Trenton, NJ 08611

**LAW OFFICES OF ROBERT S. DOWD, JR., LLC**
Attorneys for Defendant,
All Granite & Marble Corp.

By: _____
Robert S. Dowd, Jr., Esq.

DATED: June 27, 2019

# EXHIBIT A

Sammarro & Zalarick, P.A.
258 Palisade Avenue
Garfield, NJ, 07026
Telephone No.: (973) 478-1026
Attorneys for Plaintiffs
File No.: 21252-GJZ

| Tadeusz Wierzbicki | ) | SUPERIOR COURT OF NEW JERSEY |
| | ) | LAW DIVISION: Bergen County |
| | ) | DOCKET NO: BER-L-1684-19 |
| Plaintiff | ) | |
| Vs. | ) | Civil Action |
| All Granite & Marble Corp. and John Does | ) | |
| 1-10 and ABC Entities 1-10 | ) | SUMMONS |
| Defendant | ) | |

From The State of New Jersey, To The Defendant(s) Named Above: **All Granite & Marble Corp.**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. The address of each deputy clerk of the Superior Court is provided. If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: March 13, 2019

*Michelle Smith* (signature)

Michelle M. Smith, Esq.
Clerk of the Superior Court

Name of Defendant to be served:   **All Granite & Marble Corp.**
Address of Defendant to be served:   **1 Mt Vernon Street**
                                     **Ridgefield Park, NJ 07660**

Revised 09/01/2010, CN 10792



**OFFICE OF THE BERGEN COUNTY SHERIFF**
BERGEN COUNTY JUSTICE CENTER
HACKENSACK, N.J. 07601
(201) 336-3500
www.bcsd.us

AMONG HIS DUTIES, THE SHERIFF OF BERGEN COUNTY IS RESPONSIBLE FOR THE LEGAL SERVICE OF CIVIL COMPLAINTS FILED IN A COURT OF LAW. THIS DEPARTMENT DOES NOT INSTITUTE THE PROCEEDINGS NOR ARE WE INVOLVED IN THE ULTIMATE OUTCOME OR LITIGATION THEREOF.

OUR OFFICERS ONLY ATTEST THAT THE DOCUMENTS WERE PROPERLY DELIVERED OR SERVED UPON YOU OR A MEMBER OF YOUR HOUSEHOLD. YOU MAY BE REQUIRED BY LAW TO RESPOND TO THESE DOCUMENTS WITHIN A SPECIFIC TIME PERIOD. I, THEREFORE, SUGGEST THAT YOU READ THEM CAREFULLY AND CONTACT THE ATTORNEY AT THE TOP OF THE PAPERS YOU WERE SERVED.

IF THIS AGENCY CAN BE OF FURTHER ASSISTANCE, PLEASE DO NOT HESITATE TO CONTACT THE CIVIL PROCESS UNIT AT (201) 336-3500 EXT. 4456 BETWEEN THE HOURS OF 8:30 AM AND 3:30 PM.

# Civil Case Information Statement

### Case Details: BERGEN | Civil Part Docket# L-001684-19

**Case Caption:** WIERZBICKI TADEOSZ VS ALL GRANITE & MARBLE CORP
**Case Initiation Date:** 03/05/2019
**Attorney Name:** STEPHEN M SAMMARRO
**Firm Name:** SAMMARRO & ZALARICK, PA
**Address:** 258 PALISADE AVE PO BOX 769 GARFIELD NJ 07026
**Phone:**
**Name of Party:** PLAINTIFF : Wierzbicki, Tadeosz
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
  **If yes, for what language:**


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/05/2019
Dated

/s/ STEPHEN M SAMMARRO
Signed

Sammarro & Zalarick, P.A.
Stephen M. Sammarro, Esq. – Attorney Id #025081987
258 Palisade Avenue
Garfield, NJ, 07026
Telephone No.: (973) 478-1026
Attorneys for Plaintiffs
File No.: 21252-GJZ

| | |
|---|---|
| Tadeosz Wierzbicki,<br><br>Plaintiff(s)<br><br>Vs.<br><br>All Granite & Marble Corp. and John Does 1-10 and ABC Entities 1-10,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: Bergen County<br>DOCKET NO: BER-L-<br><br>Civil Action<br><br>COMPLAINT AND JURY DEMAND |

The plaintiff, Tadeosz Wierzbicki by and through his attorneys, Sammarro & Zalarick, P.A. complains of the defendant, All Granite & Marble Corp. as follows:

**THE PARTIES**

1. The plaintiff, Tadeosz Wierzbicki is a resident of the State of New Jersey, currently residing at 121 Grove Street, Elmwood Park, New Jersey. Tadeosz Wierzbicki was employed with by the defendant, All Granite & Marble Corp. in the State of New Jersey.

2. Defendant, All Granite & Marble Corp. is a New Jersey Corporation with offices and doing business at 1 Mt Vernon Street, Ridgefield Park, New Jersey, County of Bergen.

3. Defendants, John Does 1-10 are fictitious individuals whose identities are presently unknown who aided in, abetted, participated in, conspired to commit facilitated, abetted or were otherwise liable or the actions complained of herein.

4. Defendants, ABC Entities 1-10 are fictitious names for business entities have not yet determined who directly and/or through their agents, employees and/or officers participated in, aided, abetted, supervised, permitted, allowed directed and/or condoned the acts and/or omissions complained of herein and/or were conspired to commit facilitated, abetted or were otherwise liable or the actions complained of herein and/or were plaintiff's employer.

## FACTS RELEVANT TO ALL COUNTS

5. The plaintiff, Tadeosz Wierzbicki repeats, realleges and reaffirms all the allegations contained in paragraphs 1 through 5 of the Complaint as if set forth verbatim at length.

6. Defendant, All Granite & Marble Corp. is in the business of Granite Installation.

7. Tadeosz Wierzbicki began his employment as a full-time employee approximately 13 years ago with the defendant.

8. Tadeosz Wierzbicki met and exceeded all legitimate expectations of his position.

9. On a daily basis, Tadeosz Wierzbicki was directed by the defendant to perform different responsibilities, such as a driver, fix trucks that broke down, fix the heat and air conditioning and in clement weather he plowed.

10. At all times relevant hereto all parties including Tadeosz Wierzbicki understood that Tadeosz Wierzbicki was an hourly employer for the defendants.

11. Throughout the terms of his employment, however, Tadeosz Wierzbicki was wrongfully treated as simultaneously both a 1099 independent contractor and an W-2 hourly employee without plaintiffs' consent.

12. Tadeosz Wierzbicki was being paid minimum wage for 40 hours per week and despite his job responsibilities.

13. Defendant set up this pay arrangement to avoid paying additional taxes, paying plaintiff an appropriate hourly rate based on his position and skill set, and paying plaintiff overtime for time he worked in excess of 40 hours per week.

14. Tadeosz Wierzbicki was working well in excess of 40 hours per week. On average, Tadeosz Wierzbicki was working at least 50 hours per week and was not receiving overtime pay for this time.

15. Tadeosz Wierzbicki was only paid for a 40-hour work week. He was not reimbursed for the extra time he spent working for the defendant. He received no compensation at all for his overtime hours.

16. Tadeosz Wierzbicki repeatedly objected to defendant's failure to pay him overtime.

17. Based on Tadeosz Wierzbicki's objections to his pay arrangement, treatment as an independent contractor, along with several objections he made relating to unsafe work conditions.

18. All Granite & Marble Corp. terminated plaintiff's employment on December 5, 2018.

**FIRST COUNT**
**(Violation of the Fair Labor Standard Act against Defendants: Failure to Pay)**

19. All of the allegations of paragraphs 1-19 are incorporated herein as thought repeated verbatim and length.

20. As set forth above, plaintiff was a non-exempt employee of the defendants working on a full-time basis.

21. While plaintiff worked well in excess of 40 hours each week, he was only paid for 40 hours.

22. Plaintiff was not compensated for additional work he performed over 40 hours.

23. Plaintiff was not compensated at the rate of one- and one-half times his regular rate of pay for which he was employed for each week when he worked in excess of 40 hours.

24. The conduct of defendants against plaintiff was in violation of the Fair Labor Standards Act of 1938, 29 U.S.C.A. 201, et seq.

25. Defendants' conduct was willful and intentional. Indeed, defendants knew their conduct was in violation of the Fair Labor Standards Act of 1938.

26. As a direct and proximate result thereof, plaintiff has been and continues to be damaged.

## SECOND COUNT
(Violation of the Fair Labor Standard Act against Defendants: Retaliation)

27. All of the allegations of paragraphs 1-27 are incorporated herein as thought repeated verbatim and length.

28. Plaintiff was a non-exempt employee of the defendants working on a full-time basis.

29. While plaintiff worked well in excess of 40 hours each week, he was only paid for 40 hours.

30. Plaintiff was not compensated for additional work he performed over 40 hours.

31. Plaintiff was not compensated at the rate of one- and one-half times his regular rate of pay for which he was employed for each week when he worked in excess of 40 hours.

32. The conduct of defendants against plaintiff was in violation of the Fair Labor Standards Act of 1938, 29 U.S.C.A. 201, et seq.

33. Tadeosz Wierzbicki objected to the failure to pay him overtime and defendants' violation of the Fair Labor Standards Act and New Jersey's Wage and Hour Law.

34. Defendants retaliated against Tadeosz Wierzbicki's objections in numerous and diverse ways including but not limited to the termination of his employment.

35. The conduct of defendants against plaintiff was in violation of the Fair Labor Standards Act of 1938, 29 U.S.C.A. 201, et seq.

36. As a direct and proximate result thereof, plaintiff has been and continues to be damaged.

Sammarro & Zalarick, P.A.
Attorneys for Plaintiff

_____
Stephen M. Sammarro, Esq.

## JURY DEMAND

Plaintiff demands trial by jury of six on all issues herein.

Sammarro & Zalarick, P.A.
Attorneys for Plaintiff

_____
Stephen M. Sammarro, Esq.

## CERTIFICATION

We hereby certify that the foregoing pleading has been filed within the time period set by the applicable Court Rules and extensions thereof.

Pursuant to R. 4:5-1 we hereby certify that we have no knowledge of any other pending actions or proceedings concerning the subject matter of this action. It is not anticipated at this time that there is any other party who should be joined in this action.

We hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Sammarro & Zalarick, P.A.
Attorneys for Plaintiff

_____
Stephen M. Sammarro, Esq.